UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DAVID and AMY CARSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERT G. HASSON, JR., in his ) <br> official capacity as Commissioner of ) <br> the Maine Department of Education, ) <br> ) <br> Defendant. ) | Civil Action No. 18-cv-00327 DBH |

## ANSWER OF DEFENDANT ROBERT G. HASSON, JR.

Defendant Robert G. Hasson, Jr. ("Defendant" or "Commissioner Hasson") hereby responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

### INTRODUCTION

1. Paragraph 1 characterizes the Plaintiffs' lawsuit and thus does not require a response. To the extent a response is required, Defendant admits that the Plaintiffs have filed the Complaint, which speaks for itself, and denies the remaining allegations in Paragraph 1.

2. With respect to the first sentence of Paragraph 2, Defendant admits that 20-A M.R.S.A. § 5204(4) states that "[a] school administrative unit that neither maintains a secondary school nor contracts for secondary school privileges pursuant to chapter 115 shall pay the tuition, in accordance with chapter 219, at the public school or the approved private school of the parent's choice at which the student is accepted" and otherwise denies the allegations in the first sentence. With respect to the second sentence, Defendant admits that 20-A M.R.S.A. § 2951(2) states, in pertinent part, that "[a] private school may be approved for the receipt of public funds for tuition purposes only if it: . . . [i]s a nonsectarian school in accordance with the First

Amendment of the United States Constitution" and otherwise denies the allegations in the second sentence.

3. Defendant admits that pursuant to 20-A M.R.S.A. § 253(1), Commissioner Hasson is responsible for "enforce[ing] the requirements of [Title 20-A]" including the requirements of Section 2951 and that he performs the duties required of him by law, and otherwise denies the allegations in Paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the same.

5. Denied.

6. Denied.

**PARTIES, JURISDICTION AND VENUE**

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. Defendant admits the allegations contained in Paragraph 10, except Defendant notes that the entire directive in 20-A M.R.S.A § 201(1) is for the Department to "[s]upervise, guide and plan for a coordinated system of public education for all citizens of the State based on the system of learning results as established in section 6209."

11. Defendant admits that pursuant to 20-A M.R.S.A. § 253(1), Commissioner Hasson is responsible for "enforc[ing] the requirements of [Title 20-A]" and that pursuant to

20-A M.R.S.A. § 251-A(1), Commissioner Hasson has primary responsibility for "[e]nforcing applicable regulatory requirements for school administrative units." Defendant is without knowledge or information sufficient to form a belief as to what the Plaintiffs mean by "practical ability" in the context of Paragraph 11 and therefore denies the same. Defendant denies any and all other factual allegations in Paragraph 11.

12. Admitted.

13. Paragraph 13 characterizes the Plaintiffs' lawsuit and thus does not require a response. To the extent a response is required, Defendant admits that the Plaintiffs have filed the Complaint, which speaks for itself, and denies the remaining allegations in Paragraph 13.

14. Paragraph 14 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 14.

15. Paragraph 15 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Maine's Commissioner of Education resides within this judicial district and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies the same.

## STATEMENT OF FACTS

16. Defendant admits that 20-A M.R.S.A. § 2(1) states that "[i]t is the intent of the Legislature that every person within the age limitations prescribed by state statutes shall be provided an opportunity to receive the benefits of a free public education," and otherwise denies the allegations in Paragraph 16.

17. Defendant admits that 20-A M.R.S.A. § 2(2) states that "[i]t is the intent of the Legislature that the control and management of the public schools shall be vested in the

legislative and governing bodies of local school administrative units, as long as those units are in compliance with appropriate state statutes" and otherwise denies the allegations in Paragraph 17.

18. Defendant admits that 20-A M.R.S.A. § 1001(8) states that school boards "shall either operate programs in kindergarten and grades 1 to 12 or otherwise provide for students to participate in those grades as authorized elsewhere in this Title" and that the school boards of Glenburn, Orrington, and RSU #12 are subject to the statutory requirement contained in Section 1001(8). Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18 and therefore denies the same.

19. Admitted.

20. Defendant admits that 20-A M.R.S.A. § 5204(4) states that "[a] school administrative unit that neither maintains a secondary school nor contracts for secondary school privileges pursuant to chapter 115 shall pay the tuition, in accordance with chapter 219, at the public school or the approved private school of the parent's choice at which the student is accepted" and that 20-A M.R.S.A. § 2951 contains the requirements for a private school to receive approval for the receipt of public funds for tuition purposes, and otherwise denies the allegations in Paragraph 20.

21. Defendant admits that 20-A M.R.S.A. § 2951 states:

> A private school may be approved for the receipt of funds for tuition purposes only if it:
>
> 1. Basic Approval. Meets the requirements for basic school approval under subchapter I;
>
> 2. Nonsectarian. Is a nonsectarian school in accordance with the First Amendment of the United States Constitution;
>
> 3. Incorporated. Is incorporated under the laws of the State of Maine or of the United States;

4. (Repealed.)

5. Additional requirements. Complies with the reporting and auditing requirements in sections 2952 and 2953 and the requirements adopted pursuant to 2954;

6. Student Assessment. Any school that enrolls 60% or more publicly funded students, as determined by the previous year's October and April average enrollment, shall participate in the statewide assessment program to measure and evaluate the academic achievements of students; and[1]

7. Release of student records. Upon the request of a school unit, release copies of all student records for students transferring from the private school to the school unit.

and otherwise denies the allegations in Paragraph 21.

22. Defendant admits that 20-A M.R.S.A. § 2901 states:

A private school may operate as an approved private school for meeting the requirement of compulsory school attendance under section 5001-A if it:

1. Hygiene, health, safety. Meets the standards for hygiene, health and safety established by applicable law and rule; and

2. Is either:

    A. A private school approved for tuition purposes that enrolls at least 60% publicly funded students that is currently accredited by a commission on independent schools of a New England association of schools and colleges in fulfillment of its standards of accreditation and indicators and that also meets the applicable requirements of the system of learning results established in section 6209; or[2]

    B. Meets applicable requirements of this Title pertaining to private schools and the department's

---

[1] 20-A M.R.S.A. § 2951(6) has been amended by P.L. 2017, Ch. 342, § 2. This law will go into effect 90 days after the recess of the current legislative session.

[2] 20-A M.R.S.A. § 2901(2)(A) has been amended by P.L. 2017, Ch. 342. § 1 to read, in its entirety: "Currently accredited by a New England association of school and colleges; or." This law will go into effect 90 days after the recess of the current legislative session.

>   requirements for approval for attendance purposes
>   adopted under section 2902.

Defendant further admits that Section 2902 contains requirements including "[e]mploying only certified teachers," "[u]sing English as the language of instruction," and providing instruction in accordance with statutes and rules governing courses and curriculum, and otherwise denies the allegations in Paragraph 22.

23. Defendant admits that 20-A M.R.S.A. § 5204(4) states that "[a] school administrative unit that neither maintains a secondary school nor contracts for secondary school privileges pursuant to chapter 115 shall pay the tuition, in accordance with chapter 219, at the public school or the approved private school of the parent's choice at which the student is accepted" and otherwise denies the allegations in Paragraph 23.

24. Defendant admits that 20-A M.R.S.A. § 2951(2) states, in pertinent part, that "[a] private school may be approved for the receipt of public funds for tuition purposes only if it: . . . [i]s a nonsectarian school in accordance with the First Amendment of the United States Constitution;" that pursuant to 20-A M.R.S.A. § 253(1), Commissioner Hasson is responsible for "enforce[ing] the requirements of [Title 20-A];" and that SAUs are not allowed to pay tuition to a private school that is not approved for the receipt of public funds for tuition purposes pursuant to Section 2951; and otherwise denies the allegations in Paragraph 24.

25. Admitted.

26. Defendant admits that the Glenburn School Department, the Orrington School Department, and RSU #12 must comply with 20-A M.R.S.A. § 5204(4), and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies the same.

27. Admitted.

28. Defendant admits that the Glenburn School Department is required to comply with 20-A M.R.S.A. § 5204(4), and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies the same.

29. Defendant admits that the Orrington School Department is required to comply with 20-A M.R.S.A. § 5204(4), and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies the same.

32. Defendant admits that the Department of Education considers Bangor Christian Schools a "private school approved for attendance purposes" pursuant to 20-A M.R.S.A. §§ 5001-A(3)(A)(1)(a) and 2901(1) and 2(A) based, in part, on Bangor Christian Schools being accredited by the New England Association of Schools and Colleges and denies the other allegations in Paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies the same. Further responding, Defendant admits that a private school that does not meet the requirement of Section 2951(2) would not be eligible to receive public funds for tuition purposes.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore denies the same.

35. Defendant admits that Palermo is a member of RSU #12 and that RSU #12 is required to comply with 20-A M.R.S.A. § 5204(4), and is without knowledge or information

7

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies the same.

36. Defendant admits that RSU #12 is required to comply with 20-A M.R.S.A. § 5204(4) and that RSU #12 is legally permitted to pay tuition to a private school that is approved for the receipt of public funds for tuition purposes and is not legally permitted to pay tuition to a private school that is not approved for the receipt of public funds for tuition purposes, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies the same.

37. Defendant admits that RSU #12 is required to comply with 20-A M.R.S.A. § 5204(4) and that RSU #12 is not legally permitted to pay tuition to a private school that is not approved for the receipt of public funds, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore denies the same.

39. Defendant admits that Temple Academy is considered by the Department to be a "private school recognized by the department as providing equivalent instruction" pursuant to 20-A M.R.S.A. § 5001-A(3)(A)(1)(b); is without knowledge or information sufficient to form a belief as to whether Temple Academy is "like most sectarian schools in Maine" in choosing to be recognized by the Department; and otherwise denies the allegations in Paragraph 39.

40. Defendant admits that Temple Academy would be required to comply with Section 2951 in order to be approved for the receipt of public funds for tuition purposes, and is

8

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and therefore denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies the same.

42. With respect to the first sentence of Paragraph 42, Defendant admits that prior to 1980, some sectarian schools received public funds for tuition purposes and otherwise denies the allegations contained in this sentence. With respect to the second sentence, Defendant admits that the Attorney General authored opinion 80-2, states that the Attorney General's opinion speaks for itself, and admits that after the date of the Attorney General's opinion, legislation was passed that ultimately became the provision currently codified at 20-A M.R.S.A. § 2951(2), and otherwise denies the allegations contained in this sentence.

43. Paragraph 43 sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 43.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and therefore denies the same.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and therefore denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and therefore denies the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore denies the same.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore denies the same.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies the same.

51. Defendant admits that if Section 2951(2) is held to be unconstitutional, private schools that satisfy the remaining requirements of Section 2951 will be eligible to receive public funds for tuition purposes, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 and therefore denies the same.

## COUNT I: FREE EXERCISE OF RELIGION

52. Defendant incorporates each and every response to paragraphs 1 through 51 as though fully set forth herein.

53. Admitted.

54. Paragraph 54 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 54.

55. Paragraph 55 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56. Paragraph 56 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56. Further responding, Defendant believes there is an editing error in the second sentence of Paragraph 56 that makes Defendant unable to fully understand it.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Paragraph 63 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. Denied.

### COUNT II: ESTABLISHMENT OF RELIGION

66. Defendant incorporates each and every response to paragraphs 1 through 65 as though fully set forth herein.

67. Admitted.

68. Paragraph 68 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 68.

69. Paragraph 69 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## COUNT III: FREEDOM OF SPEECH

75. Defendant incorporates each and every response to paragraphs 1 through 74 as though fully set forth herein.

76. Admitted.

77. Paragraph 77 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 77.

78. Paragraph 78 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79. Paragraph 79 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT III: EQUAL PROTECTION OF THE LAWS

84. Defendant incorporates each and every response to paragraphs 1 through 83 as though fully set forth herein.

85. Admitted.

86. Paragraph 86 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 86.

87. Paragraph 87 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT V: DUE PROCESS

93. Defendant incorporates each and every response to paragraphs 1 through 92 as though fully set forth herein.

94. Admitted.

95. Paragraph 95 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 95.

96. Paragraph 96 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The matter is not ripe.

## THIRD AFFIRMATIVE DEFENSE

The matter should be dismissed for failure to join indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert any claims on behalf of Bangor Christian Schools, Temple Academy, or any other sectarian school.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by separation of powers.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of justiciability.

WHEREFORE, Defendant Robert G. Hasson, Jr. respectfully requests judgment in his favor, along with his costs and such other relief as the Court deems appropriate.

Respectfully submitted,

DATED: September 12, 2018      ROBERT G. HASSON, JR.

By his attorneys:

JANET T. MILLS
Attorney General


/s/Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Office of the Attorney General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8866
**sarah.forster@maine.gov**

# CERTIFICATE OF SERVICE

I hereby certify that on this, the 12th day of September 2018, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

BENJAMIN BULL
bbull@firstliberty.org

JEFFREY T. EDWARDS
jedwards@preti.com

TIMOTHY D. KELLER
tkeller@ij.org

ARIF PANJU
apanju@ij.org

LEA PATTERSON
lepatterson@firstliberty.org

JONATHAN R. WHITEHEAD
jon@whiteheadlawllc.com

MICHAEL K. WHITEHEAD
mike@thewhiteheadfirm.com

To my knowledge, there are no non-registered parties or attorneys participating in this case.

Dated: September 12, 2018
/s/ Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8866
sarah.forster@maine.gov